**CLEMENS et v SECOND NATIONAL BANK OF GREENVILLE et**

Ohio Appeals, 2nd Dist, Darke Co

No 501. Decided May 20, 1936

George W. Porter, Greenville, for plaintiffs in error.

Murphy & Staley, Greenville, for defendants in error.

## OPINION

By HORNBECK, J.

The judgment from which error is prosecuted was determined upon the issues drawn by the pleadings and an agreed statement of facts submitted by the parties.

The Second National Bank, as plaintiff, instituted its action against the plaintiffs in error and the defendants in error with which it is joined, praying for an order of sale of certain real estate described in the petition, owned by the plaintiff in error, Clemens, defendant below, against which the plaintiff held a judgment lien, to determine the claims of all parties to the action and to marshal the liens against the real estate and to pay the proceeds of the sale of the real estate to the various lien-holders as their interests might appear. Thereafter, the lien-holders pleaded appropriately and when the cause came on for hearing the agreed statement of facts was submitted to the trial court.

It appears that on and prior to the 26th of September, 1932, J. H. Clemens, a married man, living with his wife, Emma J. Clemens, was the owner in fee simple of certain lands described in the petition of The Second National Bank, part of which was twenty-five acres, more or less; that on September 6, 1932 Luella Paris Ries, executrix of the estate of J. A. Ries, deceased, secured a judgment against J. H. Clemens in cause No. 27205, Common Pleas Court, Darke County, Ohio, in the sum of $201.25; that on September 26, 1932, in the Court of Common Pleas, Darke County, Ohio, in cause No. 27204, Luella Paris Ries, individually secured a judgment against J. H. Clemens in the sum of $108.55; that on the same date, in the same court, The Second National Bank, as plaintiff, in causes Nos. 27201, 27202 and 27203 secured judgments against J. H. Clemens for the sums of $207.72, $251.38 and $204.40, respectively; that on October 5, 1932 J. H. Clemens executed and delivered a mortgage securing indebtedness to The Peoples Savings Bank on twenty acres, part of the twenty-five acres of land described in the petition, which was owned by the said Clemens. Emma J. Clemens, wife of J. H. Clemens, signed this mortgage and released her dower in the real estate therein described.

On November 7, 1932, in cause No. 27207, Common Pleas Court, Darke County, Ohio, Luella Paris Ries, executrix of the estate of J. A. Ries, deceased, secured a judgment against J. H. Clemens in the sum of $180.94. Within a year after the dates of the above mentioned judgments executions were issued and levies made upon the twenty-five acres of land described in the petition.

It further appears that J. H. Clemens is entitled to an exception in lieu of homestead, which he has not waived as to any of the judgment creditors but has waived as to The Peoples Savings Bank, mortgagee. Emma J. Clemens has asserted her dower right in an answer filed in the cause.

The trial court, upon the pleadings in the cause and on the facts heretofore stated, ordered the real estate described in the petition sold and fixed the priority of payment from the proceeds of the sale as follows, after the payment of taxes and necessary costs, the sum of $500.00, to The Peoples Savings Bank of Greenville, Ohio, representative of "the amount of the homestead exemption to said J. H. Clemens, which exemption has been waived to The People's Savings Bank." Then in order and on a parity the amounts of the judgment liens of the judgments of The Second National Bank, Luella Paris Ries, all of date September 26, 1932 and the judgment of Luella Paris Ries, executrix of the estate of J. A. Ries, deceased, of date September 6. 1932; then to The Peoples Savings Bank on the balance due on its mortgage from the fund arising from the sale of the property described in its mortgage, and finally the judgment in favor of Luella Paris Ries, executrix, of date November 7, 1932. From this judgment of the trial court error is prosecuted by the plaintiffs in error and it is urged by counsel for these parties that as to the proceeds of the sale of the 20 acres upon which there is a mortgage to The Peoples Savings Bank, the mortgage should be declared to be the first and best lien; second, that $500.00 exemption in lieu of homestead should be set apart to J. H. Clemens; third, the judgment liens taken prior to the giving of the mortgage to The People's Savings Bank and, fourth, the judgment lien of Luella Paris Ries, taken November 7, 1935.

Summarizing the action of the trial court: It was held that the liens on the judgments taken prior to the mortgage to The Peoples Savings Bank were prior to the mortgage; that as against these judgment liens the debtor was entitled to claim $500.00 in lieu of homestead, under §11737 GC, but that as against the mortgage to The Peoples Savings Bank the debtor had waived his allowance in lieu of homestead,

The difference in the claims of the parties arises upon a construction of §11737 GC, which provides:

"When a homestead is charged with liens, some of which, as against the head of the family or the wife, preclude the allowance of a homestead to either of them, but others of such liens do not, and a sale of such homestead is had, then after the payment, out of the proceeds of sale, of the liens precluding such allowance, the balance, not exceeding five hundred dollars, shall be awarded the head of the family, or the wife, as the case may be in lieu of such homestead, upon his or her application, in person, by agent, or attorney."

The effect of the sustaining of the contention of plaintiffs in error will be to hold that the section just quoted determines the priority of liens as between the mortgagee and the judgment lien-holders of date prior to the giving of the mortgage. We do not so construe the statute. Its purpose is primarily to assure a debtor, (or ▮▮▮▮▮▮ his wife) the owner of a homestead which has been sold upon court order, the sum of $500.00 from the proceeds of the sale, as against all liens as to which he may not have waived his right to such an allowance. The statute, in terms, provides that after the payment out of the proceeds of the sale of the liens precluding his allowance in lieu of homestead, he shall then be paid such allowance. The time of this payment to the debtor is fixed with reference to the time when the proceeds of the sale is applied to the liens precluding the allowance to the debtor and has no reference to the priority as between lien claimants. This priority is determined by law.

In the instant cause all of the judgment liens were secured in point of time prior to the mortgage of The Peoples ▮▮▮▮▮▮ Savings Bank and by virtue of §11656 GC. These liens were prior in right to the mortgage lien.

We are cited by counsel for plaintiff in error to a number of Ohio cases, which we have examined wth care: **McConville, et v Lee et, 31 Oh St, 447,** declaring that a judgment debtor or his wife, as against a judgment creditor, was entitled to the exemption of $500.00 in lieu of homestead out of a surplus after satisfaction of a mortgage given by the debtor, though the demand for the exemption was not made until the sale was confirmed and the money in the hands of the officer for distribution. The mortgage was clearly first in right and in time and the judgment is only authority for the proposition that in the situation thus presented as against the judgment creditor, the debtor was entitled to the allowance in the sum of $500.00, though not claimed until after the confirmation of sale. It does not touch upon the question of priority as between lien claimants.

In **Roig v Schultz, 42 Oh St, 165,** we are cited to the third proposition of the syllabus:

"3. In such action, when the fraudulent sale is established it is further found that the premises are subject to a prior mortgage lien, as against which a homestead can not be demanded, it is not error to decree the sale of the property, and the payment of costs and the mortgage lien from the proceeds."

This proposition is sound under the facts, because the mortgage was upon the land owned by the judgment debtor when he took title and title was taken subject to the mortgage claim. The judgment lien, then, was clearly subsequent to the mortgage claim. The court found that it was error for the trial court to determine that the plaintiff's judgment lien should be ordered paid to the exclusion of the claim of the debtor in lieu of homestead. This was nothing more than the preservation to the debtor of his right to claim his exemption as against a lien as to which he had not waived his right.

**Jackson v Reid, 32 Oh St, 443,** insofar as germane to our question, holds substantially as Roig v Schultz, supra.

We are cited to a quotation in **Archibald v Marcus, 10 O.N.P. (N.S.) 251,** which supports the claim of plaintiffs in error as to the construction of §11737 GC but does not in our judgment properly interpret the section, although the distribution was correctly made, because there was less than $500.00 to distribute.

The case of **Thornley v Peters et, 26 Oh St, 471,** is cited by counsel for the defendants in error. Peters and wife owned the real estate under consideration, upon which they gave a first mortgage to James Posey. Thereafter, Miller and Bro. took a mechanic's lien upon the real estate of the debtor. Subsequent to the mechanic's lien Peters and wife executed a defective mortgage upon his real estate to Thornley and thereafter there were other judgment liens of record against the Peters' realty. The trial court, in ordering distribution after the payment of costs, placed Posey's mortgage first, mechanic's lien second, homestead

allowance of $500.00 to Peters and wife third and judgment creditors fourth, which exhausted the fund without any payment to Thornley upon his mortgage. The Supreme Court held that as between the parties to the Thornley mortgage it was effective to preclude the Peters' mortgagors asserting the right to an allowance in lieu of homestead but that the mechanic's lien took precedence over the mortgage. It was held that the mortgage could be reformed and would be effective as between the parties but as to subsequent purchasers or judgment creditors of the mortgagor fixed no interest in the mortgages. The court announces the oft-stated principle, that as against judgment liens the debtor is entitled to homestead allowance. Reference is made to the act of April 9, 1869, 66 O.L. 50, now §11737 GC and Judge McIlvaine uses this language:

"It follows that the allowance in lieu of the homestead was absolutely discharged from all lien in favor of the judgment creditors, but was subject to the claim of the mortgage; and that the judgment liens, after the allowance in lieu of homestead, were superior to the rights of the mortgagee; and therefore the court below, having awarded to Peters and wife $500 in lieu of the homestead, should have decreed to Thornley, plaintiff in error, so much of the sum as was needed to satisfy the balance due on his mortgage."

This case is helpful because after reformation the mortgage was for all purposes valid and effective and the §11737 GC if controlling as to priority would have required the mortgage to have been paid before the mechanic's lien.

We are satisfied that the trial court was correct in fixing the order of priority of the lien claimants and the mortgagee in the instant cause; that §11737 GC was given full consideration and proper interpretation.

The judgment will be affirmed.

BARNES, PJ, and BODEY, J, concur.